**VANDENBARK et v DICK et**

Ohio Appeals, 5th Dist, Muskingum Co
No 422. Decided August 23, 1930

John C. Bassett, Zanesville, for Vandenbark et.

L. M. Soliday, Prosecuting Attorney, Zanesville, for Dick, et.

ALLREAD, J.

There were a number of grounds urged in the Court of Common Pleas in favor of the plaintiffs. In the Court of Appeals, however, the questions are practically narrowed down to one, that is, whether the Board of Education in locating the Building and in making the order therefor was guilty of a gross abuse of discretion.

It is clear that both by the Constitution and by the acts of the General Assembly the Board of Education has been given power and authority over the determination of the site of a school building, and that this power of the Board of Education is not absolute, and may be reviewed in the courts, either for fraud or for a gross abuse of discretion.

In the brief of counsel for plaintiffs their ground of contention is thus stated:

"It is contended by plaintiffs that it is an abuse of discretion on the part of the Board when a site is selected and a bulding proposed to be erected thereon for the benefit not of the people of the district, but for the benefit in pursuance of a plan to induce such people to become a part of the district; and it is like abuse of discretion, where bonds are authorized to be issued for a high school by a vote of the people to use the proceeds of such bonds for the erection, in violation of the vote of the people of a combined grade and high school."

This, in substance states the claim of plaintiff.

In reference to the first proposition, that the site is selected in the interest of persons outside the district, we are not satisfied by the necessary weight of evidence that the Board of Education was controlled by the consideration of persons living outside the district. There was at one stage some consideration for the Brownsville people, but at the time that the site was selected, we are clear that the evidence is not sufficient to justify that this consideration was one which moved the Board of Education in the selection of its site. The evidence shows that it was agreed by all parties that the new building must be located on or near the National Road, which traverses the entire district. It is shown that there are very few available sites along the National Road at this point, for the reason that the land is hilly, and is otherwise unsuitable.

There are two sites suggested with propriety. One is the Rankin tract, which was selected, and the other is a tract farther east near the small town of Hopewell. We think the tract actually selected forms an ideal one from every standpoint, except the population of the district. It is level and can be made available for a new school building. There is another site farther east which is not as level, and which is also along the National Road. It is not so available for all purposes as the Rankin tract. It was, however, the duty of the Board to decide between these two tracts, and while this court might consider the Hopewell tract as the most available, still we think it is not justified in holding that the Board of Education was guilty of a gross abuse of discretion in selecting the Rankin tract. It may be remarked that Frank Vandenbark, one of the plaintiffs, and who was then a member of the Board of Education, voted for the John Rankin location. He says he did so to forestall a movement to take the location still farther west.

It is urged in argument that the Rankin tract is less available to the people who live off the National Road in Muskingum County. That is true at the present, but as stated by the learned Judge in the court below, when the schoolhouse is built the roads will, in all probability, be improved, so as to obviate this objection. The modern method of carrying pupils to a high school building is by buses and other similar conveyances, so that while the number of miles in this district is large, it will be reduced by this method of transportation.

It is urged that the fact that the members of the Board of Education lived in the neighborhood of the Rankin farm may be considered and this fact will be presumed to raise an inference of bias in favor of the present location.

There is no statute requiring the members of said Board to be located in any particular section of the school district nor is there any persumption of fact arising out of the fact of their reisdence. This fact must be resolved like any other fact on the questoin of gross abuse of discretion.

As to the second ground, for abuse of discretion that the Board is building a combined grade and high school building, instead of a high school, as indicated in the call for the election to approve the building. In an election of this kind the limitation is the amount of money called for and approved by the electors. This limitation was fixed at $89,000, and was approved by a vote of the people. The Board of Education is therefore limited to this amount in the erection of the school building. The resolution upon which the people voted called for a high school building, but that requirement was not absolute, but was more for enabling purposes, that is, to enable the Board of Education to build a building so as to accommodate the high school. The Board of Education might still use its discretion and make it adatable for grade schools as well. We can find no reasonable or fair objection to this method of procedure.

The proposed new school building was evidently intended for all purposes of educating the children of that district, and there was therefore involved in the high school proposition not only the education of the high school pupils, but all the education of the district. We think the Board was justified in making provision in the building for the grade as well as the high school.

There are many items urged by counsel for the plaintiffs which tend to question the regularity of the formation of the district. We think these are not to be considered in this case. The district was legal-

ly established, and is in existence. It was the duty of the Board of Education to provide for a building to house its schools, including the high school. They submitted to the voters the question of issuing bonds for the purpose of building of a high school, and it was approved. The amount allowed was $89,000. The Board of Education was proceeding to construct the building within the limits of this appropriation, or at least they have funds to that extent approved by the electors, from the sale of bonds. It is claimed that Mr. C. W. Maston, the county superintendent, together with some members of the Board, have approached the State Department of Education with a view to obtaining from them the sum of $10,000 as an aid to the funds furnished by the electors of the school district. Much is made by counsel for the plaintiffs of the negotiations between the local officers and the State officers, and it is even urged that the procedure in this respect was improper. We do not so regard it. It is the right of a State officer to help out in the construction of this building, if in his opinion, circumstances justify it. It is also the right of the local members of the Board to apply to him for that purpose. We see no impropriety in this regard, and the sum of $10,000 if it should be offered and accepted by the local Board would be available in addition to the funds provided for by the electors of the school district.

We are clear that there is no sufficient proof of a gross abuse of discretion on the part of the local Board, and the judgment will therefore be for the defendants.

Injunction refused and petition dismissed.

Kunkle and Hornbeck, JJ, concur.